IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case/Violation No. 12-po-07001-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LASHANDA STEELE,

    Defendant.

---

## VERDICT
---

**Michael E. Hegarty, United States Magistrate Judge**.

    This matter came before the Court for a bench trial on March 23, 2012. Defendant was charged through Information with one count of harassment pursuant to Colo. Rev. Stat. § 18-9-111 as applied to the United States through 18 U.S.C. § 13. Plaintiff presented four witnesses, Claudia Grider and Tai An Nahir Lugo-Ramos from the Ft. Carson, Colorado shoppette where the alleged harassment occurred; Scarlett Rivers, the alleged victim in this case; and Adam Selfridge, Federal Police Officer assigned to Ft. Carson.[1] The Defendant cross-examined the witnesses. The Plaintiff introduced several exhibits, including a video of certain events in the shoppette on the date in question. After the Plaintiff rested, the Defendant called Starlette Flakes to testify, and the prosecution cross-examined her. The parties submitted briefs after the conclusion of the case.

    The following constitutes this Court's findings of fact and conclusion of law.

---

[1] A fifth witness, Sharon Tongol, was called by the Plaintiff but offered no helpful evidence and was not cross-examined.

1

## I.   Findings of Fact

1.  The alleged violation occurred on November 2, 2011. Defendant was cited for harassment.

2.  Defendant had been in federal court in Colorado Springs, Colorado the morning of November 2, 2011. Those proceedings were continued until the afternoon. Defendant drove to the shoppette on Ft. Carson during the lunch break.

3.  Defendant and Scarlett Rivers have significant prior history of direct conflict with one another. They are both spouses of U.S. Army enlisted men. Both Defendant and Ms. Rivers have a history of appearances in federal court arising out of this conflict. Defendant's history includes attacks against the person or property of Scarlett Rivers. In fact, on the day in question, in the afternoon session after the events giving rise to this prosecution, Defendant pleaded guilty in federal court to assault and harassment of Ms. Rivers from an event that occurred on June 28, 2011.

4.  On November 2, 2011, Ms. Rivers was in the Ft. Carson shoppette to purchase certain items. Defendant walked into the shoppette for the purpose of purchasing gasoline. Ms. Rivers saw Defendant and moved to the back of the store to avoid her. Defendant walked out of the shoppette after a brief conversation at the cashier station (in which she learned that she needed to show military affiliation in order to purchase gasoline). When Ms. Rivers was in the checkout line, Defendant re-entered the store (with her identification) and stood directly behind Ms. Rivers. Ms. Rivers became aware of Defendant's presence while in line, because Defendant was speaking loudly enough on her telephone to be heard by those around here. However, while standing in line, Mr. Rivers did not communicate with Defendant nor turn around to look at her.

5.  There were three cashier stations in the shoppette. As one watches the video of Ms.

Rivers and Defendant standing in line, there is a cashier station to the left, and a cashier at the middle station. The cashier station to the right in the video was not staffed at the time. The exit to the store is to the right in the video.

6. Ms. Rivers went to the middle station. After a few seconds, Defendant went up to the left station and showed her identification to the cashier. As she proceeded to the exit, she passed closely (about 1-2 feet) behind Ms. Rivers, who was still at the middle cashier. As she passed, Defendant uttered something. As Defendant continued to the right toward the exit, Ms. Rivers turned to her (they were separated by about 8-10 feet) and said something. Defendant turned toward (although did not move toward) Ms. Rivers, and the two engaged in a brief, animated verbal altercation. Defendant then proceeded out the door.

7. The Plaintiff alleges that as she passed Ms. Rivers, Defendant uttered something about "whoop[ing] Ms. Rivers' ass." The Plaintiff alleges that Ms. Rivers then responded that she was not going to drop any charges against Defendant. Finally, the Plaintiff alleges that Defendant called Ms. Rivers a bitch as she was exiting the shoppette.

8. Plaintiff's witness Grider testified that Defendant called Ms. Rivers a bitch in a loud voice. Plaintiff's witness Lugo-Ramos testified that Ms. Rivers called Defendant a bitch in a loud voice. Ms. Grider had perhaps a better angle to hear who said what, being closer to the persons in question, but she was closer only by several feet.

9. From this judge's perspective, both Defendant and Ms. Rivers treated this verbal altercation in a matter-of-fact way. From the video it appears that they went on about their business after the altercation. Ms. Rivers testified that after Defendant made the "whoop ass" statement, Ms. Rivers told Defendant that Ms. Rivers was not going to drop any charges arising out of the prior

assault incident (which involved Defendant breaking Mr. Rivers' car windshields and windows with a hammer) and also said "thank you for the new windows."

10. In both opening statement and in its trial brief, the Plaintiff alluded to events that occurred in the parking and gas station area of the shoppette immediately after the incident described above, but the Plaintiff introduced no evidence about anything that happened outside the shoppette other than Officer Selfridge's interview of Defendant immediately after the incident and his later interview of Ms. Rivers (after Defendant left to come back to federal court) when she was called back to the shoppette.

11. Defendant's "whoop ass" statement was not rebutted other than indirectly through the lack of knowledge of such a statement by the two cashiers; however, Plaintiff offered two witnesses who disagreed on whether Defendant or Ms. Rivers subsequently called the other a bitch.

**II.   Conclusion of Law**

1. Colorado Revised Statute Section 18-9-111 provides: "(1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he or she: . . . (h) Repeatedly insults, taunts, challenges, or makes communications in offensively coarse language to, another in a manner likely to provoke a violent or disorderly response."

2. At trial, Plaintiff relied solely on acts committed on November 2, 2011 to meet the element of Section 18-9-111 requiring "[r]epeated[] insults, taunts, challenges, or . . . communications."

3. "'In all criminal prosecutions,' state and federal, . . . the government must prove each element beyond a reasonable doubt, see *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970)." *Harris v. United States*, 536 U.S. 545, 549 (2002).

      4.      The parties briefed the issue of whether the use of "bitch" in this context can legally constitute a violation of the statute, or whether such use is protected by the First Amendment. Because of the Court's conclusion herein, the Court need not decide this issue.

## III.    Verdict

Plaintiff has not established beyond a reasonable doubt that Defendant violated the Colorado harassment statute. Such statute requires repeated incidents. At best, Plaintiff has established that Defendant made a comment about whooping Ms. Rivers' ass. Plaintiff's witnesses' testimony conflicted about whether Defendant or Ms. Rivers called the other a bitch. On this record, I cannot possibly find that, beyond a reasonable doubt, Defendant taunted Ms. Rivers by calling her a bitch in the shoppette that day. Thus, Plaintiff has not established beyond reasonable doubt that Defendant engaged in *repeated* incidents of harassing conduct. Accordingly, for the reasons stated above, it is hereby ORDERED that Judgment be entered in favor of Defendant and against Plaintiff.

Dated at Denver, Colorado this 9th day of April, 2012.

                                        BY THE COURT:

                                        *Michael E. Hegarty*

                                        Michael E. Hegarty
                                        United States Magistrate Judge